HENRY HORN

v.

CHARLES THIMMIG.

*Banks—Deposit—Recovery of.*

1.   Where in a given case there was no error in the rulings of the trial court, and no erroneous instructions were given, and the evidence was conflicting upon the material questions in the case, the verdict of the jury must prevail.

2.   In an action brought to recover an amount alleged to be deposited with and due from a private banker, the defendant contending that the greater portion thereof had been paid out for the plaintiff in the purchase of certain stock, and that the same had been properly charged to him, the evidence being sharply conflicting, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Perry County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. S. G. PARKS, for appellant.

Mr. R. W. S. WHEATLEY, for appellee.

GREEN, P. J.   This was a suit in assumpsit brought by

appellee against appellant. The declaration contained the common counts, and defendant pleaded the general issue.

The jury returned a verdict for plaintiff, and assessed his damages at $200.77. Defendant's motion for a new trial was overruled, and judgment was entered on the verdict. To reverse this judgment defendant took this appeal. We discover no error in the admission of the testimony objected to upon the cross-examination of appellant. The only question to which objection was made was this: "How long have you been doing a general business in Du Quoin, Mr. Horn?" The answer was, "I expect I have been in Du Quoin over thirty years." This evidence was proper, and the admission of it worked no injury to appellant that we can discover. The instruction given for plaintiff, claimed to be erroneous, reads as follows: "The court instructs the jury that if you believe from the evidence that the defendant is indebted to the plaintiff in any sum, then you should find for the plaintiff and fix the amount at such sum as you find due." This is objected to upon the ground that the jury are not by it required to base their belief upon a *preponderance* of the evidence, but merely upon the evidence. We find by examining the record that the court gave at least five instructions for defendant, in each of which the jury are told, plaintiff must prove his case by a preponderance of the evidence before he could recover. The jury could not have been misled by said instruction given for plaintiff, and it was not error to give it.

The only other ground urged for reversal is that the evidence does not sustain the verdict.

It appears that appellant was a banker and appellee deposited with him, and claims as his cause of action, a balance due him of $200.77, which was the amount he recovered. Appellant claims that he paid $200 for appellee to one Wiley, for stock in a creamery association bought by appellee, and properly charged that sum against him, leaving a balance of seventy-seven cents to his credit. Appellee testified that appellant was indebted to him in the sum of $200.77; that before bringing suit he demanded payment of that sum and appellant refused to pay, and it remained due and unpaid; that appel-

lant charged him with $200 for the stock above mentioned that was not his stock; that appellant told him to go and buy the stock of Wiley and he would take it; that he never saw the stock, and never voted it. Horn testified appellee bought the stock from Wiley and deposited it in the bank as collateral security; that he never authorized appellee to buy the stock as his agent or otherwise. He was asked, "You never claimed to own the stock?" and answered, "He represented the stock. He voted and represented the stock." On cross-examination appellant testified in answer to the question, "Did Mr. Thimmig bring the stock to the bank?" "He made arrangements with Mr. Wiley to bring the stock there, and Wiley brought it there and drew the money. The stock was left there as collateral." He also testified when the stock was deposited with him, *he did not charge the price paid to the account* of appellee, or *make any memorandum of it on the book.* That the stock was not bought in Thimmig's name, but in his own name; and to the question, "What was said between you and Mr. Thimmig with reference to this transfer between you and him?" he answered, "He refused to take it. He said it was not his stock." It also appears Thimmig did own five shares of stock in this association which he bought of Mr. Pope. Witnesses were also introduced by defendant to prove that appellee claimed to own ten shares of this stock and voted it. Hall testified appellee owned ten shares, as he understood it; that he claimed ten shares, and voted it once at stockholders' meeting.

On cross-examination this witness testified he knew nothing about what the records showed appellee owned. That he simply understood from the general conversation among the directors and stockholders, that appellee had that much stock. He got that idea from the general talk. Omstott testified appellee claimed to own ten shares of stock. He bought five shares of stock from Mr. Pope, and then, as witness understood, he purchased five more shares from Mr. Wiley, making ten shares that he represented. That he had no recollection of appellee's voting ten shares more than one time. That the records did not state that appellee held the stock. Did not ever notice

who this Wiley stock was indorsed to. It was shown to him on the street by Mr. Horn.

A significant circumstance in this case is that Mr. Wiley was not introduced as a witness on behalf of defendant. He must have known all the facts and could have given valuable testimony touching the controverted question of the ownership of this stock. His absence was not explained or any reason given why his testimony could not be procured. It was not incumbent upon the plaintiff to produce him, because defendant had been told by plaintiff that he, plaintiff, did not own and would not take the stock, or allow the price of it as a credit to defendant, and thereby he cast upon the latter the burden of proving it was paid for plaintiff and at his request. This circumstance was probably given some weight by the jury in the consideration of the case. This case is one in which there was no error in the rulings of the trial court and no erroneous instructions were given, to the prejudice of plaintiff; and the evidence was conflicting upon the material question in the case. The jury settled this conflict in favor of appellee, as it was their province to do, and repeated decisions of this court and the Supreme Court lay down the rule that under the circumstances above stated, the verdict will not be disturbed. The judgment is affirmed.

*Judgment affirmed.*